**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| JOSEPH ELLIOT JR., ) <br> ) <br>            **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> FRANKIE ORTIZ, MOSES FRANCIS, ) <br> NAEMAH DANIEL, AND LESTER ) <br> MITCHELL,[1] ) <br> ) <br>            **Defendants.** ) <br> _____) | Civil Action No. 21-0291 |

**Appearances:**
**Joseph Elliot Jr.**
    *Pro Se*

**Venetia H. Velazquez, Esq.**
St. Croix, U.S.V.I.
    *For Defendants*

**MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Magistrate Judge Ruth Miller's "Order and Report and Recommendation" ("R&R") (Dkt. No. 37), in which Magistrate Judge Miller conducted a *sua sponte* screening of Plaintiff's First Amended Complaint ("Complaint"). Based on that screening, Magistrate Judge Miller issued a recommendation on a portion of Officers Frankie Ortiz ("Officer Ortiz"), Moses Francis ("Officer Francis"), Naemah Daniel ("Officer Daniel"), and Lester Mitchell's ("Officer Mitchell") (collectively "Defendants"), individual and official capacity "Motion to Dismiss For Lack of Jurisdiction Or, Alternatively, For Failure to

---

[1] All Defendants are sued individually and in their official capacities within the Virgin Islands Police Department. (Dkt. No. 5 at 1-2).

State A Claim" ("First Motion to Dismiss") [2] (Dkt. No. 19).

Also before the Court are the portions of Defendants' First Motion to Dismiss that were not addressed by the Magistrate Judge and Defendants' Second "Motion to Dismiss for Lack of Jurisdiction Or, Alternatively, for Failure to State a Claim" ("Second Motion to Dismiss") (Dkt. No. 54). Plaintiff filed a response only to Defendants' Second Motion to Dismiss (Dkt. No. 66).

As to the screening of the Complaint, Magistrate Judge Miller recommends that Plaintiff's claims against all Defendants in their official capacity be dismissed without prejudice; that the claims against Officers Daniels and Mitchell in their individual capacities be dismissed with prejudice; and that the claims against Officers Ortiz and Francis in their individual capacities be allowed to proceed. As to Defendants' First Motion to Dismiss, Magistrate Judge Miller recommends that the portion of Defendants' First Motion to Dismiss pertaining to service of process be denied without prejudice pending proper service of the First Amended Complaint.

Defendants have filed an Objection to the R&R. Defendants object to the recommendation of dismissal without prejudice of Plaintiff's claims against Defendants in their official capacities, and also object to the recommendation that claims against Defendants Ortiz and Francis in their individual capacities be allowed to proceed. (Dkt. No. 39). Defendants' Objection does not address the Magistrate Judge's recommendation that a portion of Defendants' First Motion to Dismiss be

---

[2] The R&R addressed only the portion of Defendants' First Motion to Dismiss that requested dismissal based on Plaintiff's failure to timely serve Defendants. To that end, the Magistrate Judge ordered that the time for service of process be extended, and recommended that Defendants' First Motion to Dismiss be denied without prejudice pending proper service of process. In view of the fact that the Magistrate Judge did not address the other arguments raised in Defendants' First Motion to Dismiss and addressed the service of process issue without a referral from this Court to do so, this Court will consider the service of process issue raised by Defendants' First Motion to Dismiss as having been referred to the Magistrate Judge for an R&R *nunc pro tunc*, and the remainder of Defendants' First Motion to Dismiss as not having been referred to or ruled on by the Magistrate Judge.

2

denied without prejudice pending the completion of service of process. Plaintiff has not filed an objection to the R&R or a response to Defendants' Objection thereto.

For the reasons discussed below, the Court will adopt the R&R in part, as modified, and reject it in part. The Court will adopt the R&R to the extent that it recommends the denial without prejudice of the portion of Defendants' First Motion to Dismiss addressing insufficient service of process; to the extent that it recommends that Plaintiff's claims against Officers Ortiz and Francis in their individual capacities be allowed to proceed; and to the extent that Plaintiff's official capacity claims against all Defendants be dismissed without prejudice. The Court will, however, reject the R&R to the extent that Plaintiff's individual capacity claims against Officers Daniel and Mitchell were dismissed with prejudice, based on the Court's finding that dismissal should be without prejudice. Following the Court's review of the R&R, the Court will deny as moot the portions of Defendants' First and Second Motions to Dismiss seeking dismissal of claims that were dismissed as a result of the Court's review of the R&R and will deny on the merits the portions of Defendants' First and Second Motions to Dismiss seeking dismissal of the claims against Officers Ortiz and Francis in their individual capacities, which survived the Court's review of the R&R.

## I. BACKGROUND

The following is a summary of the facts relevant to the instant Motions.[3]

On October 25, 2021, *pro se* Plaintiff Joseph Elliot Jr. filed his Complaint against Virgin Islands Police Department ("VIPD") Officers Frankie Ortiz, Moses Francis, Naemah Daniel, and Lester Mitchell, both individually and in their official capacities. On October 26, 2021, Magistrate Judge Cannon granted Plaintiff's motion to proceed in forma pauperis and directed the U.S. Marshals Service to serve Defendants. (Dkt. No. 6 at 2).

---

[3] A more detailed account of the facts can be found in the R&R.

Plaintiff's Complaint alleges constitutional violations under to 42 U.S.C. § 1983 stemming from the Virgin Islands Police Department's three separate arrests of Defendant on July 7, 2021.[4] (Dkt. Nos. 5 at 1, 5-2 at 1, 5-3 at 2, 5-4 at 3). The purported basis for each of Plaintiff's three arrests was domestic violence incidents with the same victim and the violation of a related restraining order between Plaintiff and the victim. *Id.* With respect to all three arrests, "Plaintiff contends Defendants acted under color of local territorial laws and that their actions violated his rights under the Fourth Amendment to the United States Constitution." (Dkt. No. 37 at 2) (citing (Dkt. No. 5 at 1–2)).

Plaintiff alleges that on January 7, 2021, at approximately 12:30 p.m.,[5] he was first arrested subject to a warrant by Officers Daniel and Mitchell following a "scan check" for an "APB or arrest warrant." ("First Arrest") (Dkt. No. 5 at 4, 7). The attached documentation shows the First Arrest was made in connection with a July 11, 2020 domestic incident. (Dkt. No. 5-2 at 1).

---

[4] While Plaintiff attaches to the Complaint several documents related to the arrests, Plaintiff appears to contest the accuracy of the attached documentation—when the Complaint is read in the light most favorable to Plaintiff. *See e.g.*, (Dkt. No. 5 at 8) ("There is clear evidence of altering and [sic] existing charging document to make up and false [sic] arrest . . . Ortiz instructed Moses Francis to falsified [sic] two additional charges against plaintiff during the long duration of hold in police holding cell . . . the arresting officer tamper [sic] with the arrest warrant"). While the Court references the information discussed in these documents for background purposes, the Court does not presume the truth of the information contained therein. *Lee v. Hudson Police Detective Sergeant Finn*, 2023 U.S. Dist. LEXIS 184152, at *11 (N.D.N.Y. Oct. 13, 2023) ("Where there is a dispute as to the accuracy of a document, even if it is incorporated by reference into or integral to a complaint, a court may not consider it on a motion to dismiss for failure to state a claim."); *St. George Hotel Assocs., LLC v. Affiliated FM Ins. Co.*, 577 F. Supp. 3d 135, 141 (E.D.N.Y. Dec. 20, 2021) ("The Court may also consider documents incorporated into the complaint by reference or integral to the complaint, provided there is no dispute regarding their authenticity, accuracy, or relevance.").

[5] Plaintiff alleges that he was arrested at approximately 12:30 p.m. (Dkt. No. 5 at 4). He disputes the accuracy of his arrest records, which are attached to the Complaint and state that Plaintiff was arrested at 1:26 p.m.

Plaintiff claims that Officers Daniel and Mitchell violated the Fourth Amendment by unlawfully detaining Plaintiff and holding him for three hours without proper booking procedure. Plaintiff further claims that Officer Daniel lied to the Magistrate Judge who issued the search warrant "by listing a wrong and unfounded charge for first degree burglary." (Dkt. No. 37 at 2) (citing (Dkt. No. 5 at 7-9)).

While in custody at the police station for the First Arrest, Plaintiff was subject to two additional arrests by Officers Ortiz and Francis. The second arrest was purportedly for a domestic violence incident on July 2, 2020, which had previously been referred to Officer Francis ("Second Arrest"). The third arrest was purportedly for a domestic violence incident on October 18, 2020 ("Third Arrest"). The Second and Third Arrests were made without warrants.

Plaintiff claims that Officers Ortiz and Francis violated the Fourth Amendment during the Second and Third Arrests through the continuation of his unlawful detention. Plaintiff alleges that Defendants Ortiz and Francis conspired to fabricate additional charges against him, and that he heard Defendant Ortiz instruct Defendant Francis to falsify the additional charges. (Dkt. No. 5 at 1–2, 7–8).

On October 26, 2021, the Court issued an Order granting "plaintiff's motion to proceed IFP and direct[ing] the Clerk to 'issue summons to the U.S. Marshal's office for service of defendants.'" (Dkt. No. 37 at 4) (citing Dkt. No. 6 at 2). While the record reflects that the U.S. Marshals Service attempted to serve Defendants on November 9, 2021, it appears that personal service was not effectuated on Defendants because the U.S. Marshals Service served VIPD Officer Felipe Concepcion—who was not authorized to accept service on behalf of Defendants. *Id.* at 5. Service was also not effectuated as to the Government because, at the time, "no order was entered directing the Marshal to make service on the Governor, the Attorney General, or the chief

5

executive officer of the VIPD." (Dkt. No. 20).

The Magistrate Judge found that Plaintiff, as a party proceeding *in forma pauperis*, was not responsible for the failure to properly serve Defendants. (Dkt. No. 37 at 21). Accordingly, the Magistrate Judge provided an extension of time for proper service of Defendants; ordered the U.S. Marshals Service to serve or re-serve Defendants; and recommended denial without prejudice of the portion of Defendants' First Motion to Dismiss pertaining to service of process pending proper service. *Id.*

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Standard of Review

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); LRCi 72.3. When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (similar). Where the parties do not properly object to a magistrate judge's report and recommendation, there is no requirement that a district court review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *Sunshine Shopping Ctr., Inc. v. LG Elecs. Panama*, 2023 WL 6388015, at *3 (D.V.I. Sept. 30, 2023) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). Notwithstanding *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice is to afford some level of review to dispositive legal issues raised by

the report." *Broomall v. DA of the Cnty. of Delaware*, 2024 WL 1163542, at *1 n.1 (E.D. Pa. Mar. 18, 2024) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x at 153 ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate.") (internal quotation omitted).

Accordingly, a district judge reviews those portions of the magistrate judge's report and recommendation to which parties have not objected under the "plain error" standard of review. *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the failure to file objections to a portion of a magistrate judge's report and recommendation waived the party's right to *de novo* review and the scope of review was to be "conducted under the far more deferential standard of 'plain error'"); *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). "Under this standard, the court reviews the magistrate judge's report and recommendation for error that is 'clear or obvious.'" *Bell v. Gov't of United States Virgin Islands*, 2020 WL 487214, at *1 (D.V.I. Jan. 30, 2020) (citation omitted); *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that "plain error" means clear or obvious, and it must be prejudicial, in that "[i]t must have affected the outcome of the district court proceedings").

B.     **Insufficient Service of Process**

Federal Rule of Civil Procedure 12(b)(5) permits a district court to dismiss an action for insufficient service of process. The party responsible for service bears the burden of proving sufficient service of process. *See Sims v. City of Phila*, 552 F. App'x 175, 177 (3d Cir. 2014) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)). However, "[a]s a litigant proceeding in forma pauperis, [Plaintiff] was not responsible for the service of process." *Crock v. Astrue*, 332 F. App'x 777, 778 (3d Cir. 2009).

7

### C. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As stated in *Connelly v. Lane Construction Corp.*, the Third Circuit follows the analysis set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a Rule 12(b)(6) motion:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

"When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). Further, the district court must accept "all reasonable inferences that can be drawn from [well-pleaded factual allegations] after construing them in the light most favorable to the nonmovant." *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 66 (3d Cir. 2017) (internal citation and quotation omitted).

"In evaluating a motion to dismiss, [the district court] may consider documents that are attached to or submitted with the complaint[.]" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). However, "[w]here there is a dispute as to the accuracy of a document, even if it is incorporated by reference into or integral to a complaint, a court may not consider it on a motion to dismiss for failure to state a claim." *Lee v. Hudson Police Detective Sergeant Finn*, 2023

8

U.S. Dist. LEXIS 184152, at *11 (N.D.N.Y. Oct. 13, 2023); *St. George Hotel Assocs., LLC v. Affiliated FM Ins. Co.*, 577 F. Supp. 3d 135, 141 (E.D.N.Y. Dec. 20, 2021) ("The Court may also consider documents incorporated into the complaint by reference or integral to the complaint, provided there is no dispute regarding their authenticity, accuracy, or relevance."). Further, the Court generally may not consider "extraneous evidence submitted by the defense" at the motion to dismiss stage. *Mahanor v. Berkley Life Scis.*, 2022 U.S. Dist. LEXIS 120165, at *24-25 (D.N.J. July 7, 2022) (holding that "[t]he Court cannot as a matter of law conclude that Plaintiff's claims are not plausible based on the attached documents [to the Motion to Dismiss] without providing Plaintiff any opportunity to conduct discovery related to the documents.").

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Nekrilov v. City of Jersey*, 45 F.4th 662, 668 (3d Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 67 (3d Cir. 2017) (internal citation and quotation omitted).

### III. DISCUSSION

The Court will first address the R&R and Defendants' objections thereto. The Court will then address Defendants' outstanding Motions to Dismiss. Where the Court's review of the R&R results in the dismissal of Plaintiff's claims, the Court will consider Defendants' Motions to Dismiss moot as to those claims.

### A. Service of Process

#### 1. Review of the R&R

Magistrate Judge Miller recommended the denial without prejudice of the portion of

Defendants' First Motion to Dismiss asserting insufficient service of process. Defendants did not object to this recommendation. Accordingly, the Court reviews this portion of the R&R for plain error. *See City of Long Branch*, 866 F.3d at 100. The Court finds no plain error in the Magistrate Judge's Recommendation that the portion of Defendants' First Motion to Dismiss grounded in insufficient service of process be denied without prejudice.

"As a litigant proceeding in forma pauperis, [Plaintiff] was not responsible for the service of process." *Crock v. Astrue*, 332 F. App'x 777, 778 (3d Cir. 2009). "Consequently, an *in forma pauperis* plaintiff is entitled to rely on the Marshals Service to serve process, and the Marshal's failure to carry out the tasks . . . is automatically 'good cause' for forgiving the *in forma pauperis* plaintiff within the meaning of Rule 4(m)."[6] *Goodwin v. LA Weight Loss Ctrs., Inc.*, 2001 U.S. Dist. LEXIS 24198, at *4 (E.D. Pa. Oct. 26, 2001).

Here, Plaintiff is proceeding *in forma pauperis*. Thus, as the Magistrate Judge reasoned, Plaintiff was entitled to rely on the U.S. Marshals Service to complete service of process on Defendants. Accordingly, the Court adopts this portion of the R&R and will deny, without prejudice, the portion of Defendants' First Motion to Dismiss premised on the U.S. Marshals Service's failure to effectuate service of process.

   **B.**  **Individual Capacity Claims Against Officers Daniel and Mitchell**

     **1.**  **Review of the R&R**

The Magistrate Judge recommends that Plaintiff's unlawful detention claim against Officers Daniel and Mitchell based on the First Arrest be dismissed with prejudice. The Magistrate Judge reasoned that, while Plaintiff had properly pleaded that Officers Daniel and Mitchell were

---

[6] Federal Rule of Civil Procedure 4(m) provides in pertinent part that "if the plaintiff shows good cause for the failure [to timely serve defendants], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

personally involved in the First Arrest, Plaintiff had failed to allege a constitutional violation because Plaintiff failed to plead that the First Arrest—which Plaintiff asserted was made subject to a warrant—was made without probable cause. (Dkt. No. 37 at 10, 12-13). No party has filed an objection to this portion of the R&R. Accordingly, the Court reviews this portion of the R&R for plain error. *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017).

The Court finds no plain error in the Magistrate Judge's ruling that Plaintiff failed to plead a constitutional violation against Officers Daniel and Mitchell in their individual capacities. To prevail on a § 1983 claim, the plaintiff "must demonstrate personal involvement by [the officer]." *Miller v. Hassinger*, 173 F. App'x. 948, 953 (3d Cir. 2006); *Poleon v. Gov't of the V.I.*, 2018 U.S. Dist. LEXIS 133534, at *50 (D.V.I. Aug. 8, 2018) ("We shall also dismiss the § 1983 claim against AAG Ortiz because Poleon fails to allege her personal involvement"). Further, "in order to state a § 1983 claim based on an arrest pursuant to a warrant, a plaintiff must additionally show (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Oxenrider v. Pa. State Police Troop L*, 2024 U.S. Dist. LEXIS 13549, at *13 (E.D. Pa. Jan. 24, 2024). Conclusory allegations of false statements made in the pursuit of a warrant are insufficient to plead a § 1983 claim for false arrest. *Id.* at *13-14.

Here, Plaintiff's First Arrest, as pleaded, was made pursuant to a warrant. (Dkt. No. 37 at 13). While Plaintiff's Complaint twice repeats the conclusory allegation that Officer Daniel "lied" and/or "provided misinformation" to the Magistrate Judge who issued the arrest warrant, Plaintiff does not plead facts to support this allegation. Accordingly, the Court agrees with the Magistrate

11

Judge that Plaintiff has failed to plead a § 1983 claim for false arrest against Officers Daniel and Mitchell in their individual capacities.

The Court, however, will reject the R&R to the extent that the Court will not dismiss Plaintiff's claims against Officers Daniel and Mitchell in their individual capacities with prejudice. "[L]itigants are to be granted leave to file a curative amended complaint 'even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile.'" (Dkt. No. 37 at 9 n.8) (quoting *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). "Conversely, a complaint that sets forth facts which affirmatively demonstrate that the *pro se* plaintiff has no right to recover is properly dismissed without leave to amend." (Dkt. No. 37 at 9 n.8) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Here, the Complaint does not set forth facts that "affirmatively demonstrate" that Plaintiff has no right to recover. *See Grayson*, 293 F.3d at 108. As the Magistrate Judge reasoned, these claims are subject to dismissal because Plaintiff "fails to plead specific factual allegations to support []his assertion" that Defendants "provided misinformation on the warrant affidavit and lied to the magistrate judge[.]" (Dkt. No. 37 at 14). While this Court agrees that Plaintiff failed to plead more than conclusory allegations that Officers Daniel and Mitchell lied or made material omissions when applying for the warrant, this failure does not "affirmatively demonstrate" that Plaintiff has "no right to recover." *Grayson*, 293 F.3d at 108; s*ee also Tobal v. V.I. Police Dep't*, 2022 U.S. Dist. LEXIS 6767, at *79 (D.V.I. Jan. 13, 2022). Accordingly, the Court finds that it was plain error to dismiss Plaintiff's claims against Officers Daniel and Mitchell in their individual capacities with prejudice, instead of without prejudice. Accordingly, the Court will permit Plaintiff to "amend his Complaint with respect to those claims if he has a factual and legal basis to do so." *Tobal*, 2022 U.S. Dist. LEXIS 6767 at *79.

### 2. Defendants' Motions to Dismiss

In light of the Court's dismissal of Plaintiff's claims against Officers Daniel and Mitchell in their individual capacities as a result of its review of the R&R, the Court finds Defendants' Motions to Dismiss moot as to those claims.

### C. Individual Capacity Claims Against Officers Ortiz and Francis

#### 1. Review of the R&R

The Magistrate Judge recommends that Plaintiff's false arrest claims against Officers Ortiz and Francis in their individual capacities based on the Second and Third Arrests—which were not made with a warrant—be permitted to proceed. (Dkt. No. 37 at 15). Defendants object to this recommendation on the ground that the exhibits attached to the Complaint demonstrate that probable cause existed for Plaintiff's Second and Third Arrests. (Dkt. No. 39 at 7-10). The Court reviews Defendants' Objection *de novo*.

While Defendants' Objection discusses at length how the exhibits attached to the Complaint demonstrate that probable cause existed for Plaintiff's Second and Third Arrests, Defendants do not explain why the Court—at this stage in the proceeding—can consider the information in the exhibits. Indeed, Plaintiff claims that the bases for the Second and Third Arrests and the supporting documents thereto were fabricated. (Dkt. No. 5 at 8) ("There is clear evidence of altering and [sic] existing charging document to make up and false [sic] arrest . . . Ortiz instructed Moses Francis to falsified [sic] two additional charges against plaintiff during the long duration of hold in police holding cell . . . the arresting officer tamper [sic] with the arrest warrant"). Accordingly, the Court cannot, at this stage, rely on documents that Plaintiff's Complaint—when read in the light most favorable to Plaintiff—alleges are fabricated and false to arrive at a conclusion contrary to Plaintiff's allegation that he was arrested without probable cause.

13

*Lee v. Hudson Police Detective Sergeant Finn*, 2023 U.S. Dist. LEXIS 184152, at *11 (N.D.N.Y. Oct. 13, 2023) ("Where there is a dispute as to the accuracy of a document, even if it is incorporated by reference into or integral to a complaint, a court may not consider it on a motion to dismiss for failure to state a claim."). Once the attached documents are excluded, the Court sees nothing on the face of Plaintiff's Complaint—and Defendants point to nothing—to suggest that Officers Ortiz and Francis had probable cause for the Second and Third Arrests.

The Court further finds that Plaintiff has stated a plausible claim against Officers Ortiz and Francis. To prevail on a § 1983 claim, the plaintiff first "must demonstrate personal involvement by [the officer]." *Miller v. Hassinger*, 173 F. App'x. 948, 953 (3d Cir. 2006). The Court agrees with Magistrate Judge Miller that Plaintiff has sufficiently alleged that Officers Ortiz and Francis were personally involved in the Second and Third Arrests. In that regard, Plaintiff alleges that Officers "Ortiz and Francis conspired to fabricate additional charges against him;" that Officer Ortiz instructed Officer Francis to fabricate the charges against him; and that Officer Francis forged arrest reports, logs, and a probable cause fact sheet. (Dkt. No. 37 at 10). Defendants do not dispute their personal involvement in the Second and Third Arrests and the Court finds that these factual allegations sufficiently allege Officer Ortiz's and Officer Francis' personal involvement in the claimed false arrests.

The Plaintiff must next establish "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James, v. City of Wilkes–Barre*, 700 F.3d 675, 682 (3d Cir. 2012). Plaintiff has alleged that Officers Ortiz and Francis were involved with two arrests made without probable cause. Plaintiff's allegations against Officers Ortiz and Francis differ from his allegations against Officers Daniel and Mitchell in two critical respects. First, the Second and Third Arrests were not alleged to be made with a warrant. Second, Plaintiff has alleged nonconclusory facts to

14

support his allegation that the charges against him were fabricated by Officers Ortiz and Francis—namely, that he overheard a conversation wherein he claims that Officer Ortiz directed Officer Francis to falsify the charges for his Second and Third Arrest. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's claims against Officers Ortiz and Francis in their individual capacities should be permitted to proceed past the Court's *in forma pauperis* review.

### 2. Defendants' Motion to Dismiss

Having determined that Plaintiff's claims against Officers Ortiz and Francis in their individual capacities should be permitted to proceed past the Court's *in forma pauperis* review, the Court will now turn to Defendants' Motions to Dismiss.

Defendants argue in their First and Second Motions to Dismiss that Officers Ortiz and Francis have qualified immunity from suit because "they had probable cause to arrest" Plaintiff. (Dkt. No. 20 at 10); (Dkt. No. 55 at 15). In support of this argument, Defendants rely on the exhibits attached to Plaintiff's Complaint and additional exhibits attached to Defendants' Motions. Plaintiff responds that Defendants are not entitled to qualified immunity because they conspired to falsify the arrest without legal justification. (Dkt. No. 66 at 6).

When considering a qualified immunity claim, the Court, "is limited to the contents of the complaint and any attached exhibits." *Yarris v. County of Delaware*, 465 F.3d 129, 134 (3d Cir. 2006). As discussed above, however, the Court cannot consider the exhibits attached to Plaintiff's Complaint as properly before the Court at the Motion to Dismiss stage because Plaintiff disputes the accuracy of information contained therein. *Infra* n.4. Similarly, the Court cannot consider the additional exhibits attached to Defendants' Motions to Dismiss without giving Plaintiff an opportunity to pursue discovery. *See Mahanor v. Berkley Life Scis.*, 2022 U.S. Dist. LEXIS 120165, at *25 (D.N.J. July 7, 2022); *Greer v. Smith*, 59 F. App'x. 491, 492 (3d Cir. 2003) ("In

the present case, the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery"); *see also Bull Int'l, Inc. v. MTD Consumer Grp, Inc.*, 654 F. App'x. 80, 100 (3d Cir. 2016) (defendant "is mistaken to the extent that it argues that we properly may consider extraneous documents at the motion to dismiss stage").

In assessing a claim of qualified immunity, the Court considers "whether [Defendants] plausibly violated a constitutional right. If so, we ask if a reasonable officer would have known that [Defendants] alleged conduct violated [Plaintiff's] rights." *Pinkney v. Meadville*, 95 F.4th 743, 747 (3d Cir. 2024).

Officers Ortiz and Francis violated Plaintiff's rights if they "lacked probable cause to arrest him." *Id.* at 5. As discussed in the Court's review of the R&R, Plaintiff has sufficiently alleged that Officer Ortiz and Francis lacked probable cause to arrest him. Further, Plaintiff alleges that he overheard Officer Ortiz instruct Officer Francis to fabricate the charges against him, and that Officer Francis fabricated several documents. Officer Ortiz's and Officer Francis' alleged conduct is of such a nature that no reasonable officer could have believed the "alleged conduct" complied with the law. *See id.* at 750 ("no reasonable officer would have covered up a lack of probable cause by recklessly disregarding the truth in an affidavit. A reasonable officer thus would have known that [his or her] alleged conduct was unlawful."). Accordingly, the Court finds that the allegations are such that, if true, Defendants would not be entitled to qualified immunity for the alleged conduct. *Id.*

Defendants additionally argue in their Second Motion to Dismiss that—irrespective of qualified immunity—Plaintiff's Complaint fails to state a claim against Officers Ortiz and Francis in their individual capacities because they had probable cause to arrest Plaintiff for the Second and

Third Arrests. As with Defendants other arguments, Defendants rely on the documents attached to the Complaint and documents extraneous to the Complaint that Defendants have attached to their Second Motion to Dismiss. Since the Court cannot consider those documents (Dkt. Nos. 55-1-55-14) at this stage, *see infra* at n.4, the Court finds that Plaintiff has sufficiently pleaded his false arrest claim.

### D.    Official Capacity Claims

#### 1.    Review of the R&R

The Magistrate Judge recommends dismissal without prejudice of Plaintiff's § 1983 claims against Defendants in their official capacities. The Magistrate Judge reasoned that Defendants were not persons under 42 U.S.C. § 1983 and therefore were not subject to liability in their official capacity, except for limited circumstances that were not alleged by Plaintiff. (Dkt. No. 37 at 9-10). While Defendants object to the Magistrate Judge's recommendation that dismissal be made without prejudice, neither party objects to the analysis and conclusion that the official capacity claims should be dismissed. Accordingly, the Court reviews this portion of the R&R for plain error, and considers *de novo* whether the dismissal should be with or without prejudice. *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017).

The Court finds no plain error in Magistrate Judge Miller's analysis and conclusion that Plaintiff's official capacity claims should be dismissed. "A plaintiff seeking relief pursuant to 42 U.S.C. § 1983 must prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Tobal v. V.I. Police Dep't*, 2022 U.S. Dist. LEXIS 6767, at *32-33 (D.V.I. Jan. 13, 2022) (internal quotation omitted). As to the first element, "[t]he Government of the Virgin Islands, its

agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Id.* (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010)); *see also Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("Congress did not intend to include Territories as persons who would be liable under § 1983."). "While a plaintiff aggrieved at some governmental action may not name the Virgin Islands as a defendant in a § 1983 case . . . a plaintiff may sue an officer in his official capacity for prospective relief only from unconstitutional state policies, customs, or practices." *Martinez v. Francois*, 2014 U.S. Dist. LEXIS 182899, at *27 (D.V.I. July 3, 2014); *Wheatley v. Mapp*, 2016 U.S. Dist. LEXIS 35806, at *12 (D.V.I. Mar. 21, 2016) ("Similarly, officers of a territory acting in their official capacities are not persons under Section 1983, except to the extent that the plaintiff seeks prospective injunctive relief").

Here, the Magistrate Judge correctly found that Plaintiff's Amended Complaint did not allege that he was harmed by a Virgin Islands Government policy, custom, or practice. Accordingly, the Court finds no plain error in the Magistrate Judge's conclusion that its claims against Defendants in their official capacity should be dismissed.

As to whether dismissal should be with or without prejudice, Defendants argue that the official capacity claims against Officers Daniel and Mitchell should be dismissed with prejudice because—in addition to failing to allege a violation of government policy, custom or practice—the Magistrate Judge found that the underlying claims against Officer Daniel and Mitchell were subject to dismissal with prejudice. This Court, however, has already rejected the Magistrate Judge's recommended dismissal with prejudice of the underlying individual capacity claims against Officers Daniel and Mitchell and ruled that the claims will be dismissed without prejudice. *See McDonald-Witherspoon v. City of Phila.*, 2017 U.S. Dist. LEXIS 136663, at *17 (E.D. Pa. 2017) (dismissing without prejudice § 1983 claim where plaintiff failed to plead a policy, custom,

or practice caused the violation); *see also Sabetpour v. Martinez*, 2021 U.S. Dist. LEXIS 150925, at *44 (D.N.J Aug. 6, 2021); *Brick City Grill, Inc. v. City of Newark*, 2016 U.S. Dist. LEXIS 43945, at *3 (D.N.J. Mar. 30, 2016). There is thus no basis for denying Plaintiff the opportunity to amend his pleading if he has a factual and legal basis to do so.

### 2.    Defendants' Motions to Dismiss

Having found that Plaintiff's claims against Defendants in their official capacities are subject to dismissal based upon the Court's review of the R&R, the Court finds Defendants' Motions to Dismiss moot as to those claims.

### IV.    CONCLUSION

In view of the foregoing, the Court adopts in part as modified, and rejects in part Magistrate Judge Miller's R&R as discussed above. Accordingly, as a result of the Court's review of the R&R, the Court denies, without prejudice, the portion of Defendants' First Motion to Dismiss concerning service of process; dismisses without prejudice Plaintiff's claims against Defendants in their official capacities; dismisses without prejudice Plaintiff's claims against Officers Daniel and Mitchell in their individual capacities; and will allow Plaintiff's claims against Officers Ortiz and Francis in their individual capacities to proceed. The Court also denies as moot the portions of Defendants' First and Second Motions to Dismiss seeking dismissal of claims that were dismissed as a result of the Court's review of the R&R and will deny on the merits the portions of Defendants' First and Second Motions to Dismiss seeking dismissal of the claims against Officers Ortiz and Francis, which survived the Court's review of the R&R.

An appropriate Order accompanies this Memorandum Opinion.

Date: June 12, 2024                                                           _____/s/_____
                                                                              WILMA A. LEWIS
                                                                              District Judge